IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,                          No. 6:19-CR-00563-MC

      v.

                                             OPINION AND ORDER

**BRYCE WILLIAM MCGOWAN,**

       Defendant.

_____

**MCSHANE, Judge**:

Defendant Bryce McGowan files a second motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Because Mr. McGowan fails to demonstrate extraordinary and compelling circumstances justifying compassionate release, his motion is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

Congress intended that the Sentencing Commission ultimately define "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). However, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash. Apr. 8, 2021) (concluding that consideration of the guideline statement is appropriate when considering a motion for compassionate release).

## DISCUSSION

At the October 17, 2023, Supervised Release Hearing, the Court sentenced Mr. McGowan to nine months imprisonment for numerous past violations. On December 29, 2023, Mr. McGowan filed a motion for release from custody. Def.'s Mot. Release Cust., ECF No. 124. The Court denied the motion, finding that Mr. McGowan failed to provide medical records in support of his motion. Now represented by counsel, Mr. McGowan has submitted medical records in support of this claim. He argues that inadequate medical care provided by the Bureau of Prisons (BOP) amounts to extraordinary and compelling circumstances warranting a reduction in his sentence.

Under the Sentencing Commission's guidelines, certain medical conditions or circumstances of an incarcerated individual can be cause for compassionate release. Relevant here, such circumstances include a defendant who is suffering from a serious physical or mental condition that "substantially diminishes the ability of the defendant to provide self-care within the

environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13(b)(1). Another qualifying circumstance is a defendant who is suffering from a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.*

`Mr. McGowan argues that his medical conditions and the medical treatment he receives satisfy these two bases for compassionate release. As noted in his motion, Mr. McGowan continues to suffer from chronic pain due to prior ATV and logging accidents, which required multiple skin grafts and the amputation of his right leg. Def.'s Mot. Reduce Sent. at 6. More recently, due to his use of crutches, he has experienced right axilla pain and has developed a hammertoe on his left foot. *Id.* Though Mr. McGowan argues that these circumstances are grounds for compassionate release, he acknowledges in his motion that he has been provided a wheelchair and has been assigned to the bottom bunk in his cell. Because he no longer has to walk or use crutches, the source of Mr. McGowan's right axilla and his foot pain has been addressed. Therefore, Mr. McGowan does not demonstrate a deprivation of care or serious risk of deterioration.

Mr. McGowan also suffers from an inguinal hernia. *Id.* at 7. He notes that this has been treated with a hernia belt, and that he was approved for laparoscopic surgery, which has not yet been scheduled. *Id.* Here, Mr. McGowan again fails to demonstrate that treatment with a hernia belt is a deprivation of medical care that puts him at serious risk of deterioration in health or death.

With respect to pain treatment that Mr. McGowan is receiving, medical staff appear to be balancing McGowan's chronic pain with his history of opioid use disorder. As Mr. McGowan notes, he has a severe opioid disorder and takes Buprenorphine. As injections were causing skin infections, he was prescribed Suboxone strips while incarcerated. However, he was caught diverting the strips, and, therefore, medical staff recommenced injections. As Mr. McGowan notes

in his motion, navigating pain management has been a point of friction with the medical staff. While the Court sympathizes with Mr. McGowan's chronic pain and his struggles with opioid disorder, he does not demonstrate that the medical staff is unable or unwilling to provide adequate care.

In all, Mr. McGowan's conditions and treatment do not satisfy the standard for compassionate release. Mr. McGowan's medical conditions that have arisen since incarceration are being treated and appear to be improving. In addition, the Court carefully considered Mr. McGowan's chronic conditions at sentencing.

## CONCLUSION

Mr. McGowan's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of April, 2024.

                                              **/s/ Michael McShane**
                                              Michael J. McShane
                                              United States District Judge